IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02361-PAB

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

GALEN AMERSON and
FRANCES M. SCOTT,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

    The Court takes up this matter *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1332. Docket No. 1 at 1.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## I. FEDERAL QUESTION JURISDICTION

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts must strictly construe their removal jurisdiction." *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). "[A]ll doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

"Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is

2

based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted). In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To find removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen*, 683 F.2d at 333 (internal quotation marks omitted).

In this case, defendants state that "[t]he federal claims upon which removal is based have revealed themselves, at the time of service of the Douglas County Complaint by Plaintiff." Docket No. 1 at 1. However, the state court filing upon which defendants rely – plaintiff's Petition for an Order to Show Cause Why Respondents' Documents Should Not be Declared Invalid Under Colo. R. Civ. P. 105.1 and Colo. Rev. Stat. § 38-35-204 [Docket No. 3] – does not support such a contention. "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)). Plaintiff's petition seeks relief exclusively under Colorado law. *See* Docket No. 3 at 2-5. Because plaintiff's cause of action was not created by federal

3

law, and its right to relief does not depend on the resolution of a substantial question of federal law, it does not appear from the face of plaintiff's petition that its claim arises under federal law or that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) (no right to removal on face of plaintiff's complaint, which "[did] not invoke any federal laws," "[made] no mention of a federal law," and did not "allege that the cause [arose] under any such law").

Defendants further state that "[r]elated civil rights violations are contained in the following actions 1) Complaint and Motion for Summary Judgment, Douglas County District Court #2019CV5; 2) Action to Quiet Title in Douglas County District Court #2103-CV-294; and 3) United States District Civil case No.1:15-cv-1486, which are incorporated herein by reference." Docket No. 1 at 1-2. Defendants contend that "these cases are inseparably-related to this case on their face and elements of those cases support this removal and relief in favor of the defendants." *Id.* at 2.

Defendants' contentions are unavailing. Federal jurisdiction must be "disclosed upon the face of the complaint." *Fajen*, 683 F.2d at 333. Thus, defendants cannot reply on separate actions in order to invoke federal question jurisdiction here. *See Breckenridge Prop. Fund 2016, LLC v. Lam,* 2019 WL 2296209, at *2 (E.D. Cal. May 30, 2019) ("Defendant cannot inject a federal issue through her answer or through references to other lawsuits she has filed."). To the extent that defendants' Notice of Removal could be read to imply that defendants may raise a defense under federal law, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."

4

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Court finds that, based on the face of plaintiff's state-court petition, it does not have federal question jurisdiction over this case, and, for this reason, removal cannot properly be based on 28 U.S.C. § 1331.

## II. DIVERSITY JURISDICTION

Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the citizenship of either defendant.

The Notice of Removal alleges that "Plaintiff's business address is in Washington; D.C., while the real property in question is in Colorado, and the defendants resided in Colorado at the time the controversy arose and at the time the actions were filed." Docket No. 1 at 1. Plaintiff, as a federally chartered corporation, "is incorporated under acts of Congress[] rather than state laws, [and] . . . generally has national citizenship but no state citizenship." *Hayward v. Chase Home Fin.*, LLC, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011) (citing *Bankers Trust Co. v. Tex. & Pac. R.R. Co.*, 241 U.S. 295 (1916)). "In a suit where one of the [parties] has only national citizenship but no state citizenship, diversity is impossible because the suit is not between citizens of different states." *Id.* However, there are certain "exceptions to the general rule that a federally chartered corporation has only national citizenship." *Id.* Once such exception exists when "Congress has passed legislation specifying that the

5

corporation is a citizen of a particular state for jurisdictional purposes." *Id.*

Section 1717 of Title 12 of the United States Code provides that the "Federal National Mortgage Association . . . shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(a)(2)(B). Thus, because Congress has specified that plaintiff shall be deemed a citizen of the District of Columbia, the Court is not precluded from exercising diversity jurisdiction over plaintiff as a federally chartered corporation.

However, the facts presently alleged are inadequate for the Court to determine the citizenship of either defendant. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. While defendants state that they "resided in Colorado at the time the controversy arose and at the time the actions were filed," Docket No. 1 at 1, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Thus, these allegations are insufficient to demonstrate the state in which defendants are domiciled. *See Dumas v. Warner*

*Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . [and] payment of taxes.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of any party or whether the Court has diversity jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **September 25, 2019**, defendants Galen Amerson and Frances M. Scott shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED September 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge