IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02361-PAB

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

GALEN AMERSON and
FRANCES M. SCOTT,

    Defendants.

## ORDER

The Court takes up this matter *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants state that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.[1] Docket No. 1 at 1.

On September 16, 2019, the Court ordered defendants to show cause on or before September 25, 2019 why the case should not be remanded to state court due to the Court's lack of subject matter jurisdiction. Docket No. 11 at 7. Specifically, the Court noted that defendants had based the citizenship allegations regarding themselves on the fact that they "resided in Colorado at the time the controversy arose and at the time the actions were filed." *Id.* at 6. However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48

---

[1] In their notice of removal, defendants also asserted that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Docket No. 1 at 1. The Court, however, has determined that federal question jurisdiction does not exist here. Docket No. 11 at 4-5.

(1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)); *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). *Id.* Thus, the Court was unable to determine defendants' citizenship or whether the Court had diversity jurisdiction and ordered defendants to show cause why the case should not be remanded to state court. *Id.* at 6-7.

Defendants did not respond to the Court's order to show cause. As a result, the Court finds that defendants have failed to meet their burden of demonstrating that diversity of citizenship exists and that the Court has subject matter jurisdiction over this matter. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Because defendants did not show cause why the case should proceed and has failed to establish a basis for removal, it is

**ORDERED** that this matter is remanded to the District Court for the County of Douglas, Colorado, where the case was filed as case number 2019CV30337. It is further

**ORDERED** that this case is closed.

DATED October 24, 2019.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge